IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVELYN CASTANEDA MARTINEZ, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | 1:21-cv-1053-RP |
| PERRY'S RESTAURANTS LTD d/b/a PERRY'S STEAKHOUSE AND GRILLE and CHRISTOPHER V. PERRY, individually, | § § § § § | |
| Defendants. | § | |

### **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiffs' Motion for Partial Summary Judgment, (Dkt. 39). (R. & R., Dkt. 51). The parties timely filed objections, responses, and replies to the report and recommendation. (Dkts. 58, 61, 62, 66, 67, and 68).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because the parties timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules the parties' objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 51), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for partial summary judgment, (Dkt. 39), is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is **GRANTED** with

respect to Defendant Perry's Restaurants *d/b/a* Perry's Steakhouse and Grille's liability for the cost of Plaintiff Neuman's licenses and for Plaintiffs Martinez, Neuman, Clarke, and Linn's aprons, vests, pepper mills and holders, and crumbers. Summary judgment is **DENIED** in all other respects.

Accordingly, the following claims remain:

(1) All Plaintiffs' claims that Defendants violated the FLSA's minimum wage requirements and are not entitled to the tip credit because they did not allow Plaintiffs to retain all their tips and required Plaintiffs to contribute 4.5% of their tips to an illegal tip pool, perform non-tipped work unrelated to their tipped occupation, and perform non-tipped work exceeding 20% of their time each workweek;

(2) All Plaintiffs' claims that Defendants violated the FLSA's minimum wage requirements by requiring them to pay for clothing and other items and incur dry-cleaning expenses;

(3) License expenses for Plaintiffs Martinez, Linn, Brewer, Tatum, and Clarke;

(4) Expenses for aprons, vests, pepper mills and holders, and crumbers for Plaintiffs Brewer and Tatum; and

(5) All claims against Defendant Christopher V. Perry, individually.

**SIGNED** on January 2, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE